IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDGAR M. PORTER,                :

    Plaintiff,               :

v.                              : CIVIL ACTION NO. GLR-15-3546

JAIME MARTIN,                   :

    Defendant.               :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Edgar M. Porter's Motion to Proceed in Forma Pauperis (ECF No. 2) and Motion for Preliminary Injunction (ECF No. 3). Because he appears indigent, Porter's Motion to Proceed in Forma Pauperis will be granted. For the reasons that follow, Porter's Motion for Preliminary Injunction will be denied and his Complaint will be dismissed.

Porter initiated this action on November 23, 2015, alleging a "[c]ivil [r]ight [v]iolation." (Compl. at 1, ECF No. 1). Specifically, his Complaint states that Defendant Jaime Martin of Carroll County, Maryland Child Protective Services attempted to remove Porter's grandson, Gregory Nicholas Porter, from the University of Maryland Medical Center nursery without a signed court order. (Id. at 2). Porter also alleges that his daughter, Rosslynne M. Porter, is being detained against her will at a mental health facility in Sykesville, Maryland as part

of a conspiracy between Martin and this facility to deny her constitutionally-protected parental rights over Gregory. (Id.). Along with his Complaint, Porter filed a Motion for Preliminary Injunction requesting the Court to order that Rosslynne be returned to the University of Maryland Mental and Behavioral Health Unit. (ECF No. 3).

**A.   Standing**

It is "well settled" that "a court may determine at any time that subject matter jurisdiction is lacking." Coleman v. Countrywide Home Loans, Inc., No. CIV. L-10-2297, 2010 WL 5055788, at *2 (D.Md. Dec. 3, 2010) (citing Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255-26 (4th Cir. 2002)). Standing is an integral component of subject matter jurisdiction, Payne v. Chapel Hill N. Props., LLC, 947 F.Supp.2d 567, 571 (M.D.N.C. 2013) (quoting CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011)).

To successfully assert standing, Porter "must show (1) actual or threatened injury that is both concrete and particularized, and not conjectural or hypothetical; (2) injury fairly traceable to the defendant's challenged action; and (3) injury likely redressable by a favorable court decision." Buchanan v. Consol. Stores Corp., 125 F.Supp.2d 730, 736 (D.Md. 2001) (citing Burke v. City of Charleston, 139 F.3d 401, 405 (4th Cir. 1998)). He must also show that he is the one who has

been injured or is threatened to be imminently injured. Warth v. Seldin, 422 U.S. 490, 499 (1975); Moss v. Spartanburg Cty. Sch. Dist. Seven, 683 F.3d 599, 604 (4th Cir. 2012) (citing Summers v. Earth Island Inst., 555 U.S. 488, 492 (2009)).

A plaintiff does not have standing to sue on behalf of another individual unless he has been appointed as the legal guardian of that individual or he can show that he qualifies as a "next friend." See Belton v. Amos, No. C.A.003354722AD, 2004 WL 3583988, at *3-4 (D.S.C. Nov. 5, 2004), aff'd, 142 F.App'x 731 (4th Cir. 2005); Whitmore v. Arkansas, 495 U.S. 149, 165 (1990). "To assert standing as a 'next friend,' a plaintiff 'must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.'" Manship v. Brothers, No. 1:11CV1003 (JCC/JFA), 2011 WL 6779315, at *7 (E.D.Va. Dec. 27, 2011) (quoting Whitmore, 495 U.S. at 163–64).

Here, Porter brings this action on behalf of his daughter, Rosslynne, who he claims has been injured by being deprived of her parental rights and detained against her will. Because Porter neither alleges that he has been appointed as the legal guardian of Rosslynne nor provides an explanation for why Rosslynne cannot bring this action, he does not have standing to bring this suit on her behalf. Accordingly, the Court will

3

dismiss Porter's Complaint and deny his Motion for Preliminary Injunction.

**B.  Stating a Claim on Which Relief May be Granted**

Even assuming Porter has standing to sue on behalf of his daughter, his Complaint will also be dismissed because it fails to state a claim on which relief may be granted. Because he seeks to proceed in forma pauperis, the Court must screen Porter's Complaint. See 28 U.S.C. § 1915(e)(2)(B) (2012); Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). As part of its screening process, the Court may consider whether the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The standard for determining whether a plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Porter's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Id. (citing Twombly, 550 U.S. at 555).

4

Although Porter is not required to forecast evidence to prove the elements of his claims, his Complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md.2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). Porter's allegations must give Martin fair notice of what Porter's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Additionally, when reviewing Porter's Complaint to determine whether it states a claim, the Court must construe it liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Even affording Porter's Complaint the most liberal construction, the Court finds that it fails to state a claim on which relief may be granted. 42 U.S.C § 1985(3) creates a private cause of action for conspiracies to deprive persons of civil rights or privileges. To state a claim under this statute, a plaintiff must allege:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed

5

by the defendants in connection with the conspiracy.

Facey v. Dae Sung Corp., 992 F.Supp.2d 536, 540 (D.Md. 2014) (quoting A Society Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011)).  Porter does not allege that Martin and the Sykesville mental health facility with whom Martin is allegedly conspiring are motivated by discriminatory animus toward Rosslynne.  In fact, Porter's entire conspiracy claim is conclusory and includes no factual enhancement.

Based on the foregoing reasons, Porter's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED, his Motion for Preliminary Injunction (ECF No. 3) is DENIED, and his Complaint (ECF No. 1) is DISMISSED.  A separate Order follows.

Entered this 19th day of January 2016

/s/
_____
George L. Russell, III
United States District Judge